THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES S. McNEILL, Defendant-Appellant.

Fifth District   No. 5—99—0515

Opinion filed September 21, 2000.

John D. Richey, of Marion, for appellant.

Charles Garnati, State's Attorney, of Marion (Norbert Goetten and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Following a bench trial in the circuit court of Williamson County, Charles McNeill (defendant) was convicted of aggravated driving under the influence of alcohol and sentenced to a fine and 24 months' probation. Prior to his trial, defendant filed a motion *in limine* to exclude the opinion testimony of the arresting police officer and to bar the State from using that testimony against him. This motion was denied, as were subsequent motions to reconsider the denial. Defendant appeals his conviction, arguing only that the trial court erred in denying his motion *in limine* and allowing the arresting police officer to testify against him at the trial.

Defendant argues on appeal, as he did before the trial court, that

an opinion witness (an arresting police officer) whose employer (a municipality) receives a payment (fines) contingent on the outcome of the case (a conviction) cannot be allowed to testify before the trial court in the proceedings resulting in the conviction. Defendant argues that under various statutes of the State, fines paid to the circuit clerk by convicted criminals are to be disbursed in part to the municipality that effected the arrest, provided the police officers of that municipality seasonably prosecute for all fines and penalties under the law. See 705 ILCS 105/27.6(a) (West 1998); 625 ILCS 5/16—105(a)(1) (West 1998). Defendant argues that this amounts to the payment of a contingent fee to an opinion witness based upon the outcome of the case. If the arresting officer is able to procure a conviction, then the arresting officer earns a fee for his employer, contingent on the outcome of the case. Defendant further argues that this is in direct contravention of the Illinois Supreme Court's opinion in *First National Bank v. Malpractice Research, Inc.*, 179 Ill. 2d 353 (1997).

In *Malpractice Research, Inc.*, our supreme court invalidated, as against public policy, a contract between a plaintiff in a medical malpractice action and a consulting firm hired to procure expert opinion witnesses. The contract promised to the consulting firm a contingent fee of 20% of any amount recovered by the plaintiff in the action. The fee to the consulting firm was obviously contingent on the outcome of the case. The expert witnesses, however, were paid a flat rate of compensation for their time, as is customary. Our supreme court held that such a contingent-fee arrangement, in which a professional witness-finder receives a fee dependent on the testimony of the witness and the favorable outcome of the case, tends to corrupt the judicial process by, among other things, encouraging the subornation of perjury and is void as against public policy.

Defendant argues that the situation in the case at bar is analogous to the situation presented in *Malpractice Research, Inc.* and that a police officer, whose employer will receive a payment contingent on the outcome of the case in which the officer's testimony is sought, should not be allowed to testify. According to defendant, the temptation for the officer to testify falsely in order to procure a favorable outcome and receive a payment for his employer is too strong and tends to pervert justice. We simply do not find the two situations to be analogous and find *Malpractice Research, Inc.* to be inapplicable to the case at bar.

The most obvious distinction between *Malpractice Research, Inc.* and the case at bar is that the instant case is a criminal proceeding whereas *Malpractice Research, Inc.* was a civil proceeding. We point out that in many, if not most, criminal proceedings in which a convic-

tion may result in a fine, the arresting agency stands to receive a portion of the fine collected. Accordingly, to apply the holding of *Malpractice Research, Inc.* to the case at bar would disallow arresting police officers from testifying in almost every criminal case. We think it is apparent that this was not the intention or even within the contemplation of the supreme court in rendering its decision in *Malpractice Research, Inc.*

Furthermore, *Malpractice Research, Inc.* involved the invalidation of a contract as against public policy, not the disqualification of a witness for bias, which is essentially defendant's argument in the case at bar. The case at bar does not involve a witness-finder. Defendant's argument in the case at bar is essentially that the police officer may be biased in favor of the government agency for which he works because that agency may receive a portion of the fine in the event of a conviction. It is clear that the police officer himself, as a witness, is not eligible to receive compensation for his testimony. Thus, this case does not even involve the payment of a fee to a witness.

We find the position of the arresting police officer in the case at bar to be more akin to that of a party to the action, or a representative of a party, than to that of an independent, retained, expert opinion witness. A party to an action always stands to benefit from a favorable outcome in the case, and to the extent the testimony of that party or its representative may result in that favorable outcome, there may be a temptation to testify falsely. This does not result in the disqualification of a party from testifying. Indeed, section 115—16 of the Code of Criminal Procedure of 1963 expressly provides that no person shall be disqualified as a witness in a criminal case by reason of his or her interest in the case, as a party or otherwise, but the interest may be shown for the purpose of affecting the credibility of the witness. 725 ILCS 5/115—16 (West 1998).

Thus, while the arresting police officer's testimony in the case at bar was admissible, defendant had the option of attempting to impeach the officer by introducing evidence that, if defendant was to be convicted and fined, the municipality for which the officer worked would receive a portion of the fine. Accordingly, the trial court did not err in denying defendant's motion *in limine* to exclude the arresting police officer's testimony.

For the foregoing reasons the judgment of the circuit court of Williamson County is affirmed.

Affirmed.

CHAPMAN and HOPKINS, JJ., concur.